IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NURU WITHERSPOON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-0934-D |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed diversity action,[1] plaintiff Nuru Witherspoon ("Witherspoon") brings

claims for abuse of process and fraudulent misrepresentation against defendant Wells Fargo

Bank, N.A. ("Wells Fargo") arising out of an alleged debt owed to Wells Fargo and the

bank's efforts to collect the debt.  Wells Fargo moves to dismiss under Fed. R. Civ. P.

12(b)(6), contending that Witherspoon's claims are barred by res judicata and fail to state a

claim on which relief can be granted.[2]  For the reasons that follow, the court grants the

motion and also allows Witherspoon to replead.

I

In 2007 Witherspoon, Kevin L. Kelly, and their LLC executed a business line of credit

---

[1]The notice of removal clearly states that removal is based on diversity of citizenship.

[2]Defendant filed two motions to dismiss on the same day.  The only difference
between the two is that the second motion to dismiss contains a table of contents and
authorities.  The court has statistically terminated the first motion and is considering the
second motion to dismiss in this memorandum opinion and order.

agreement and unconditional guaranty in the amount of $100,000 with Wachovia Bank.[3] Wells Fargo is the successor-in-interest to the loan by virtue of a merger with Wachovia Bank.  In 2016, after the borrowers failed to make agreed-upon payments, Wells Fargo filed suit in Texas state court, alleging that the borrowers committed breach of contract.  On July 13, 2017 the state court granted summary judgment in favor of Wells Fargo and concluded that Wells Fargo "should have and receive judgment against Kelley Witherspoon, LLC, Kevin L. Kelley and Nuru Witherspoon the sum of $77,787.45."  D. App. (ECF No. 21-1) 65.

Witherspoon filed the instant action against Wells Fargo, alleging that Wells Fargo's efforts to collect the debt are improper.  According to Witherspoon's amended complaint, there were various defects with the loan agreement at issue in the state lawsuit.  For example, Witherspoon asserts that he "never signed the loan documents associated with the underlying loan" and that he "never consented to any financial obligation related to the alleged debt."  Am. Compl. (ECF No. 19) ¶ 7.  Witherspoon also alleges that, since final judgment was

---

[3]In deciding Wells Fargo's Rule 12(b)(6) motion, the court construes the amended complaint in the light most favorable to Witherspoon, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Witherspoon's favor.  *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).  "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  A court is also permitted to rely on matters of which a court may take judicial notice.  *See Hall v. Hodgkins*, 305 Fed. Appx. 224, 227 (5th Cir. 2008) (per curiam) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." (citation omitted)).

entered against him in state court, Wells Fargo has received "full satisfaction or partial satisfaction" of the loan amount or has forgiven the loan. *Id.* at ¶ 8.

Wells Fargo now moves to dismiss under Rule 12(b)(6) on the grounds that res judicata bars Witherspoon's claims and that he has failed to state a claim on which relief can be granted. Witherspoon opposes the motion, which the court is deciding on the briefs, without oral argument.[4]

## II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's amended] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[4]In response to Wells Fargo's motion to dismiss, Witherspoon maintains that the motion is "procedurally barred" because "Defendant filed an original answer to Plaintiff's lawsuit on April 14, 2025." P. Resp. (ECF No. 23) 2. The court disagrees. Witherspoon's operative pleading is his amended complaint, filed on June 10, 2025. Wells Fargo is not procedurally precluded from moving to dismiss the amended complaint based on an answer that it filed earlier to Witherspoon's state-court petition.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

The court first considers whether res judicata bars Witherspoon's claims.

A

Res judicata is an affirmative defense.  *See* Rule 8(c).  "Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).  "Thus if a res judicata defense is established on the face of [the] complaint, it is a proper ground for dismissal." *Bustamante v. City of Dallas, Tex.*, 2020 WL 7122864, at *2 (N.D. Tex. Dec. 4, 2020) (Fitzwater, J.).

"The doctrine of res judicata, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action." *Davis v. Dall. Area Rapid Transit*, 383

F.3d 309, 312-13 (5th Cir. 2004) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  To determine the preclusive effect of a state-court judgment, a federal court sitting in diversity looks to the law of the state that rendered the judgment.  *See Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).  Under Texas law, "a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit."  *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) (citing *Barr v. Resol. Tr. Corp.*, 837 S.W.2d 627, 631 (Tex. 1992)).  To establish that a claim is barred by res judicata, the party asserting the doctrine must prove three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action."  *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

Because it is undisputed that there is a prior final judgment issued by a court of competent jurisdiction and that the parties are identical in both actions, the only issue is whether this action is based on the same claims as were raised or could have been raised in the first action.  To decide whether the instant suit involves the same claims that were raised or could have been raised in the state-court lawsuit, the court examines whether the "plaintiff bases the two actions on the same nucleus of operative facts."  *Travelers Ins. Co. v. St. Jude Hosp.*, 37 F.3d 193, 195 (5th Cir. 1994).

B

Wells Fargo maintains that Witherspoon's claims arise out of facts associated with the validity of the loan agreement that the state court concluded in the first action to be enforceable against Witherspoon. Witherspoon responds that the "claims in this lawsuit revolve around [Wells Fargo's] collection efforts." P. Resp. (ECF No. 23) 1. On the one hand, Witherspoon alleges facts that overlap with the subject matter of the state lawsuit. For example, Witherspoon asserts that he "never signed the loan documents associated with the underlying loan" and that he never "consented to any financial obligation related to the alleged debt." Am. Compl. (ECF No. 19) ¶ 7. On the other hand, Witherspoon also asserts facts that pertain to Wells Fargo's conduct after the final judgment in the first suit, such as Wells Fargo's alleged receipt of partial or full satisfaction of the loan amount.

The court concludes that it is not established on the face of the amended complaint that Witherspoon's claims for abuse of process and fraudulent misrepresentation are barred by res judicata. To the extent that Witherspoon's claims are based on Wells Fargo's conduct subsequent to the state suit, they arise out of a different nucleus of operative facts. That Witherspoon's amended complaint involves revisiting factual issues underlying the state lawsuit does not alter the conclusion that his present claims arise out of different facts related to Wells Fargo's post-judgment collection efforts. In other words, the nucleus of operative facts in the present action involves Wells Fargo's conduct subsequent to the state lawsuit in attempting to collect the debt, whereas the state lawsuit only involved facts surrounding failure to pay the loan. *See Garcia v. Jenkins/Babb LLP*, 2012 WL 3847362, at *6 (N.D.

Tex. July 31, 2012) (Ramirez, J.) ("The nucleus of operative facts in the underlying state court case involves Plaintiffs' failure to pay a loan.  The nucleus of operative facts for the [present claim] involves the subsequent conduct of the defendants in trying to collect on the loan."), *rec. adopted*, 2012 WL 3846539 (N.D. Tex. Sept. 5, 2012) (Godbey, J.); *Naranjo v. Universal Sur. of Am.*, 679 F.Supp.2d 787, 799 (S.D. Tex. 2010) ("Plaintiff is not attempting to challenge the validity of the state court default judgment itself, but rather Defendants' practices in seeking to collect on the debt."); *Burgess v. Bank of Am.*, *N.A.*, 2014 WL 5461803, at *6 (W.D. Tex. Oct. 27, 2014) ("However, the Court concludes that those claims asserted against BOA and Deutsche Bank for actions occurring after the final judgment [in the first suit] . . . are not barred by res judicata.").  Because Wells Fargo has not established the affirmative defense of res judicata based on the complaint, its motion to dismiss is denied on this basis.[5]

IV

The court next considers whether Witherspoon's claims for abuse of process and fraudulent misrepresentation fail to state a plausible claim.

A

Under Texas law, an abuse of process claim requires that the "defendant made an illegal or improper use of the process."  *In re Burzynski*, 989 F.2d 733, 739 (5th Cir. 1993)

---

[5]The court suggests no view on how this affirmative defense may fare at the summary judgment stage or at trial.  This ruling is based on the Rule 12(b)(6) standard and the face of Witherspoon's amended complaint.

(per curiam) (*citing Baubles & Beads v. Louis Vuitton*, *S.A.*, 766 S.W.2d 377, 378 (Tex.Ct.App.1989)).[6]  Witherspoon alleges that Wells Fargo "obtained a judgment and has improperly conducted post-judgment remedies for the ulterior motive of improperly collecting the full amount of a purported loan from Plaintiff that is not owed and/or that has been fully satisfied or forgiven and/or partially satisfied or forgiven." Am. Compl. (ECF No. 19) ¶ 14.  Wells Fargo maintains that this assertion is "not an allegation of an illegal, improper, or perverted use of process." D. Br. (ECF No. 22) 9 (internal quotations marks omitted).

The court concludes that Witherspoon has not stated a plausible claim for abuse of process.  Witherspoon's conclusory assertion that Wells Fargo "improperly conducted post-judgment remedies," Am. Compl. (ECF No. 19) ¶ 14,  lacks adequate factual detail and is insufficient to enable the court to reasonably infer that Wells Fargo made an illegal or improper use of process.  *See, e.g.*, *Wilson v. Korth Direct Mortg., Inc.*, 2023 WL 8569084, at *3-4 (N.D. Tex. Dec. 11, 2023) (Fitzwater, J.) (dismissing under Rule 12(b)(6) tort claim supported only by bare and conclusory allegations).  Accordingly, the court dismisses Witherspoon's abuse of process claim.  *See In re Burzynski*, 989 F.2d at 739-40 (affirming dismissal of claim for abuse of process where plaintiff failed to allege an improper use of process).

---

[6]Because both parties cite Texas cases and do not dispute what law applies, the court will assume that Texas law applies to Witherspoon's claims. *See Shanze Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 150 F.Supp.3d 771, 775 n.3 (N.D. Tex. 2015) (Fitzwater, J.).

B

In support of his fraudulent misrepresentation claim, Witherspoon alleges:

> Defendant has made a material representation that Plaintiff is liable for repayment of the entirety of a debt that he is not responsible for and/or that he is not responsible for entirely and/or that has already been satisfied or partially satisfied. The representation was false, Defendant, with superior knowledge, knew or should have known it was false, and/or it was made in reckless disregard of the truth. Said representations were made to induce Plaintiff to act by making a full satisfaction of the alleged loan amount, of which Plaintiff has relied and acted by responding thereto. As a result of Defendant's material misrepresentations, Plaintiff has been injured in having to act upon said representations, incur expenses, and suffer reputational and emotional damages. Defendant is liable for fraudulent misrepresentation.

Am. Compl. (ECF No. 19) ¶ 12. Wells Fargo maintains that Witherspoon merely "recites all of the elements necessary for a claim for fraudulent misrepresentation," supported by "allegations [that] are conclusory." D. Br. (ECF No. 22) 11. The court agrees with Wells Fargo. These are "threadbare recitals of the elements of this cause of action, supported by mere conslusory statements, [that] do not suffice." *Iqbal*, 556 U.S. at 678. Accordingly, dismissal is proper. *See, e.g.*, *Armstrong v. Ashley*, 60 F.4th 262, 276 (5th Cir. 2023) (affirming dismissal where plaintiff's allegations were pleaded "in a conclusory fashion without meaningful factual content").[7]

---

[7]Rule 9(b) is implicated when a cause of action sounds in fraud. *See, e.g.*, *Wavelinq, Inc. v. JDS Lightwave Prods. Grp., Inc.,* 2001 WL 37124552, at *1 (N.D. Tex. Nov. 19, 2001) (Fitzwater, J.) (applying Rule 9(b)'s pleading standard to a fraudulent misrepresentation claim). Because Wells Fargo did not raise Rule 9(b)'s heightened standard for pleading fraud, the court declines to address it. Witherspoon's fraudulent

V

The court next considers Witherspoon's request for declaratory and injunctive relief.[8]

The federal Declaratory Judgement Act (DJA) "does not create a substantive cause of action." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citing *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984)). "Because [the plaintiff] has not pleaded a plausible substantive claim, the court declines in its discretion to entertain his request for a declaratory judgment." *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *6 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013).

The court also dismisses Witherspoon's request for an injunction. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, C.J.) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App. 2008, no pet.)); *see also Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (holding that injunctive relief requires that plaintiff first plead viable underlying cause of action). Because Witherspoon has failed to state a plausible claim against Wells Fargo, he

---

misrepresentation claim, however, would fail under either Rule 12(b)(6) or Rule 9(b).

[8]Although Witherspoon filed this lawsuit in Texas state court, "[w]hen a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) (citing *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.)).

is not entitled to an injunction, and his request for this relief is dismissed.

VI

In his response brief, Witherspoon requests leave to amend if the court is inclined to grant Wells Fargo's motions to dismiss. "Because the court's usual practice when granting a motion to dismiss is to permit a plaintiff at least one opportunity to replead, the court will give [the plaintiff] an opportunity to amend his complaint." *Shah v. Univ. of Texas Sw. Med. Sch.*, 54 F.Supp.3d 681, 707 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 568 (N.D. Tex. 2005) (Fitzwater, J.). He must file his second amended complaint no later than 28 days after the date this memorandum opinion and order is filed.

\*   \*   \*

For the reasons explained, the court grants Wells Fargo's motion to dismiss, and it grants Witherspoon leave to replead.

**SO ORDERED**.

September 5, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE

-11-